**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LESBIA GONZALEZ<br>3025 GLENVIEW STREET<br>PHILADELPHIA, PA 19149,<br><br>PLAINTIFF,<br>VS.<br><br>KENNY GREEN<br>320 N. MICHIGAN ST., FL 1<br>TOLEDO, OH 43604;<br>AND<br>SERGIO RIVERA<br>3025 GLENVIEW STREET<br>PHILADELPHIA, PA 19149;<br>AND<br>PFRACP AKA<br>PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN;<br>1835 MARKET STREET<br>SUITE 700<br>PHILADELPHIA, PA 19103;<br>AND<br>JOHN DOES 1-10,<br><br>DEFENDANTS. | : | CIVIL NUMBER: 26-CV-8684 |

**NOTICE OF REMOVAL**

Under 28 U.S.C. § 1442, the United States of America, on behalf of defendant Kenny Green ("Green"), removes this action from the Court of Common Pleas for Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support, the United States avers as follows:

1. On July 31, 2026, Plaintiff Lesbia Gonzalez commenced this action by filing a complaint in the Court of Common Pleas of Philadelphia County, naming as defendants: Kenny Green, Sergio Rivera, Pennsylvania Financial Responsibility Assigned Claims Plan, and John Does 1-10. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2. Plaintiff alleges that on August 2, 2024, Green negligently caused a motor vehicle accident in which she suffered "severe personal and bodily injuries to her neck, back, and left arm, including but not limited to a fractured ulna, as well as other injuries, both known and unknown…" *See* State Court Complaint, Para. 11.

3. The individual defendant, Kenny Green, was a Small Business Administration employee who at all times relevant to the allegations of the Complaint and was acting within the scope of his employment. Once this action is removed to the district court, the United States will file a motion to substitute itself and dismiss the individual Kenny Green. The United States is substituted as a matter of law pursuant to 28 U.S.C. § 2679(d)(1), which provides the following:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

4. The United States district courts have exclusive jurisdiction over civil actions on claims against the United States for money damages, and claims arising under the Constitution, acts of Congress, and agency and executive department regulations. 28 U.S.C. § 1346(b).

5. Accordingly, this is a suit against the United States, and removal of this action is proper pursuant to 28 U.S.C. § 1442(a)(1).

6. Under 28 U.S.C. § 1442(a)(1), any civil action commenced in State court against an agency of the United States may be removed to the United States District Court for the district in which the action is pending.

7. In accordance with 28 U.S.C. § 1446(d), a true and correct certified copy of this Notice of Removal is being: (a) filed in the Court of Common Pleas of Philadelphia County; and (b) sent to counsel for plaintiff.

8. No bond is required to accompany this Notice because it is being filed on behalf of the United States.

9. Removal by the United States is timely.

WHEREFORE, the United States of America, on behalf of the individual federal defendant Kenny Green, CCP Case No. 260703904, is removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Susan R. Becker for GBD*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

Dated: November 12, 2026

*/s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8443
Fax: (215) 861-8618

**CERTIFICATE OF SERVICE**

I hereby certify that on this th day of November 2026, a true and correct copy of the foregoing Defendant the United States' Notice of Removal has been served via Electronic Court Filing (ECF) upon the following:

Eli Gabay, Esq.
Solomon, Sherman & Gabay
Atty. ID No. 39983
8 Penn Center
1628 JFK Blvd.
Philadelphia, PA 19103

*Counsel for plaintiff.*

*/s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney

# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**JULY 2026** **03904**
E-Filing Number: 2607074643

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LESBIA GONZALEZ | KENNY GREEN |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 3025 GLENVIEW ST.<br>PHILADELPHIA PA 19149 | 320 N. MICHIGAN ST. FL. 1<br>TOLEDO OH 43604 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | SERGIO RIVERA |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 3025 GLENVIEW ST.<br>PHILADELPHIA PA 19149 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 1835 MARKET ST. SUITE 700<br>PHILADELPHIA PA 19103 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 4

COMMENCEMENT OF ACTION:
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY:
- [X] $50,000.00 or less
- [ ] More than $50,000.00

COURT PROGRAMS:
- [X] Arbitration
- [ ] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
JUL 31 2026
G. IMPERATO

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: LESBIA GONZALEZ

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>ELI GABAY | ADDRESS<br>1628 JFK BLVD<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER (215)665-1100 — FAX NUMBER (215)665-8471 | |
| SUPREME COURT IDENTIFICATION NO.<br>39983 | E-MAIL ADDRESS<br>egabay18@gmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*ELI GABAY* | DATE SUBMITTED<br>Friday, July 31, 2026, 02:15 pm |

Case ID: 260703904
Control No.: 26086226

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. KENNY GREEN
   320 N. MICHIGAN ST. FL. 1
   TOLEDO OH 43604
2. SERGIO RIVERA
   3025 GLENVIEW ST.
   PHILADELPHIA PA 19149
3. PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN
   1835 MARKET ST. SUITE 700
   PHILADELPHIA PA 19103
4. JOHN DOES 1-10
   TBD
   TBD PA 00000

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

| | |
|---|---|
| GONZALEZ VS GREEN ETAL | JULY **TERM,** 2026 |
| | **No.** 03904 |

## STANDING CASE MANAGEMENT GUIDELINES
## COMPULSORY ARBITRATION PROGRAM

****IMPORTANT****
**PLEASE READ THESE GUIDELINES CAREFULLY.**
**Information about your case is given.**

**You are receiving this document because you were identified as a party in a filing of a civil action in the Compulsory Arbitration Program.**

**1. ARBITRATION HEARING**: This matter is listed for an Arbitration hearing on April 29, 2027 at 10:45 am. The hearing will be held at the Compulsory Arbitration Center located at 1880 JFK Blvd., 5th Floor, Philadelphia PA 19103.

**2. SERVICE**: The party who started this action must serve the Writ of Summons or Complaint and a copy of these Standing Case Management Guidelines pursuant to the Pennsylvania Rules of Civil Procedure pertaining to service of original process. See PA.R.C.P. Rule 400, et. seq. Pursuant to Philadelphia Rule of Civil Procedure *205.4, upon completion of service, proof of service must be filed promptly utilizing the Civil Electronic Filing System at: https://fjdefile.phila.gov/ or the Civil Filing Center, Room 296, City Hall.

**Note: The Court will not hear the case and may dismiss the matter if proper service is not completed and if proof of service is not filed. In addition, if a complaint is not timely filed, the Court can enter a non-suit on the motion of the defendant or a non-pros on the Court's own motion pursuant to Pennsylvania Rule of Civil Procedure 218.**

**3. DEFENDANT**: If you have been served with a Writ of Summons or Complaint pursuant to Paragraph 2 of these Guidelines, then you are the Defendant in this matter. You (or your attorney, if you are represented by an attorney) are required to file an Answer or other responsive pleading. A Defendant risks having Judgment entered against them if they do not respond to a Complaint within 20 days of service. Failure to respond may result in loss of a Defendant's money or property

**4. ARBITRATION HEARING PROCEDURE**: The Arbitration hearing will be conducted by a Board of three (3) arbitrators. The arbitrators are lawyers who have been certified by the Court to serve as arbitrators to decide the case. Parties should be prepared to present/try their case before the panel, which includes Opening Statements, Direct and Cross Examination of witnesses, presentation of documentary evidence (in accordance

with Philadelphia County's 20-day Rule *1305(b)) and Closing Arguments. The arbitrators will rule on any objections raised during the hearing and render a decision at the conclusion of the hearing, entitled Report and Award of Arbitrators (the Award). Parties will receive notice of the Award by email or mail depending on whether an e-filing account has been set up. If there is not such an account, the Award will be mailed to the party's address the Court has on file.

**5. DISCOVERY**: All of the discovery tools allowed under the Pennsylvania Rules of Civil Procedure are also available for Arbitration cases. Discovery is the process that allows parties to request evidence or documents from the opposing party according to PA.R.C.P. 4000 through 4025. The parties can utilize interrogatories, requests for production of documents, requests for admissions and depositions, as appropriate, for any case.

The Court has approved standard Discovery for motor vehicle and premises liability cases that are in the Compulsory Arbitration Program. The applicable Discovery can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

Additional Discovery is permitted under limited circumstances. Please see the overview of the Compulsory Arbitration program for further detail, specifically pages 5 and 6: https://www.courts.phila.gov/pdf/manuals/civil-trial/compulsory-arbitration-center.pdf.

**6. FILINGS OF PETITIONS AND MOTIONS**: All petitions, motions, and responses must be prepared in compliance with Philadelphia Rules of Civil Procedure *206.1 and *208.3 and filed utilizing the First Judicial District's Electronic Filing System or the Civil Filing Center, Room 296 City Hall. Such filings are governed by the "45-day Rule" as set forth in Philadelphia Rule of Civil Procedure *1303(h) which requires the filing of petitions and motions not less than 45 days prior to the date of the scheduled Arbitration hearing. The Discovery motion procedure outlined in Philadelphia Rule of Civil Procedure *208.3(a) must be followed if there is a dispute over Discovery. See Notice to the Bar for more information regarding Discovery motion procedure posted at: https://www.courts.phila.gov/pdf/notices/2021/NTB-Trial-Division-Civil-Protocol-for-Discovery-Motions-Filed-on-or-After-March-15-2021.pdf.

The Miscellaneous Arbitration Application may be utilized to seek leave of Court to file a Petition/Motion within 45 days of the Arbitration hearing date. The requisite application can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

**7. APPEAL OF AN AWARD**: Either party can appeal the Award as of right and receive a new trial before a judge and/or jury. To take an appeal, a party must file a Notice of Appeal within 30 days of the date indicated on the docket that notice of the Award given. The Notice of Appeal form can be found in the forms section of the Courts' website under Appeal Filing Forms at: https://www.courts.phila.gov/forms/.

An appeal by one party applies to all parties. Within 10 days of the appeal being filed, either party can request and pay for a jury trial on appeal, if not previously requested. If a case is appealed, the parties will receive a Case Management Order outlining deadlines, the scheduling of a Pre-Trial Settlement Conference, and an anticipated month in which the case will be called to trial. If no Appeal is taken, the Award will become final and may be reduced to judgment upon the filing of a Praecipe to Enter Judgment on the Award.

**8. CONTINUANCES:** Applications for continuances of an Arbitration hearing are governed by Philadelphia Rule of Civil Procedure *1303(c) and shall be reviewed by the Director of the Arbitration Center or the Director's designee. Arbitration continuance applications must be filed utilizing the First Judicial District's Electronic Filing System or the Civil Filing Center, Room 296 City Hall. The Continuance/Deferral Application can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

**Note: There is no hearing or oral argument regarding the continuance request and the granting or denial of an application is not subject to judicial scrutiny or review.**

**9. SETTLEMENTS:** The parties shall provide notification to the Arbitration Center of any settlement prior to the Arbitration Hearing date. Settlement letters are to be electronically filed through the Court's Electronic Filing System at: https://fjdefile.phila.gov/. To file, parties should access the "Existing Case" section of the Electronic Filing System. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type and upload your letter. Once received by the Court, you will be notified of the acceptance of your e-filing. If you do not have access to the Electronic Filing System, settlement letters can be faxed to 215-686-9594 or call the Arbitration Center a

A detailed overview of the First Judicial District's Compulsory Arbitration Program can be found at:
https://www.courts.phila.gov/pdf/manuals/civil-trial/compulsory-arbitration-center.pdf

**BY THE COURT:**

**DANIEL J. ANDERS**
**ADMINISTRATIVE JUDGE**
**TRIAL DIVISION**

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 10:45 AM - 04/29/2027
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

Filed and Attested by the Office of Judicial Records
31 JUL 2026 02:?? pm
IMPERATO

**SOLOMON, SHERMAN & GABAY**
**ELI GABAY, ESQUIRE**
**ATTORNEY ID #: 39983**
**8 PENN CENTER**
**1628 JFK BOULEVARD**
**SUITE 2200**
**PHILADELPHIA, PA 19103**
**215-665-1100**

**Attorney for Plaintiff**

| | |
|---|---|
| **Lesbia Gonzalez** | **:PHILADELPHIA COUNTY** |
| **3025 Glenview Street** | **:COURT OF COMMON PLEAS** |
| **Philadelphia, PA 19149** | : |
| | **: JULY TERM 2026** |
| | **: NO.** |
| **v.** | : |
| | : |
| **Kenny Green** | : |
| **320 N. Michigan St., Fl. 1** | : |
| **Toledo, OH 43604** | : |
| **AND** | : |
| **Sergio Rivera** | : |
| **3025 Glenview Street** | : |
| **Philadelphia, PA 19149** | : |
| **AND** | : |
| **PFRACP aka** | : |
| **Pennsylvania Responsibility** | : |
| **Assigned Claims Plan** | : |
| **1835 Market Street** | : |
| **Suite 700** | : |
| **Philadelphia, PA 19103** | : |
| **AND** | : |
| **JOHN DOES 1-10** | : |

**COMPLAINT**

Case ID: 260703904
Control No.: 26086226

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION

LAWYER REFERRAL AND INFORMATION SERVICE

One Reading Center

Philadelphia, Pennsylvania 19107

Telephone: 215-238-1701

## AVISO.

Le han demandado an usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plaza al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparensencia escrita o en persona o con un abogada y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASESTENCIA LEGA.

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL

One Reading Center

Filadelfia, Pennsylvania 19107

Telefono: 215-238-1701

1 Plaintiff Lesbia Gonzalez, is an adult individual residing at the above-captioned address.

2 Defendant, Kenny Green, is an adult individual residing at the above-captioned address.

3 Defendant Sergio Rivera, is an adult individual residing at the above-referenced address.

4 Defendant PFRACP aka Pennsylvania Financial Responsibility Assigned Claims Plan is a statutory agency of the Commonwealth of Pennsylvania formed under the auspices of 75 Pa.C.S. §§1751-1758.

5 Defendant, John Does 1-10, is an individual who can not be identified at time of filing, who pursuant to Rule 2005 of the Pennsylvania Rules of Civil Procedure is listed as a John Doe Defendant, despite investigation, and who may be the owner or operator of the subject vehicle in this accident.

6 On or about August 2, 2024 at approximately 12:45pm, Lesbia Gonzalez was a passenger in a motor vehicle, driven by Defendant Sergio Rivera, on Roosevelt Avenue, at its intersection with Devereaux Ave, when it was struck by Defendant, Kenny Green and/or John Doe, causing the serious and permanent injuries detailed below; said accident being caused by the Defendants jointly and severally.

7 Upon knowledge, information, and belief, the vehicle in which Plaintiff was a passenger was uninsured and unregistered, and Plaintiff is thereby eligible under 75 Pa.C.S. §§1751-1758 as a claimant to the Assigned Claims Plan.

**COUNT I**

**Lesbia Gonzalez v. Kenny Green**

8 Plaintiff hereby incorporates paragraphs 1 through 7 of this Complaint as though fully set forth at length herein.

9 At all times pertinent hereto, all of the acts and omissions of the Defendant were committed by the Defendant(s) directly, or through her agents, workmen, servants and/or employees and by others with whom the defendant had control or authority.

10 The aforesaid accident was due to the carelessness and negligence of Defendant, the defendant's agents, servants, workmen and employees, such carelessness, and negligence consisting of the following:

(a) Operating said motor vehicle at an excessive rate of speed;

(b) Failing to have said motor vehicle under proper and adequate control;

(c) Operating said motor vehicle without due regards for the rights, safety and position of the plaintiff at the point aforesaid;

(d) Failing to give proper and sufficient warning of the approach of said motor vehicle;

(e) Violating the various ordinances of the City of Philadelphia and the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles on the highways;

(f) Failing to keep a proper lookout;

(g) Failing to use due care and control in the operation of said motor vehicle;

(h) negligence per se in violation of 75 Pa.C.S. §3714 (careless driving)

(I) negligence per se in violation of 75 Pa.C.S. §3112 (disregarding traffic signal)

11 By reason of the aforesaid accident, Plaintiff, Lesbia Gonzalez suffered severe personal and bodily injuries to her neck, back, and left arm, including but not limited to a fractured left ulna, as well as other injuries, both known and unknown, some of which may be aggravations of prior injuries and all of which have caused her great pain and suffering and agony, and will continue to cause such pain, suffering and agony into the future.

12 As a further result of the aforesaid accident and injuries, the plaintiff has suffered serious and permanent injury and disability, as well as embarrassment, humiliation and loss of life's pleasures.

13 As a result of the aforesaid injuries, plaintiff, Lesbia Gonzalez, was obliged to incur various reasonable and necessary medical and other expenses in treating herself for the aforesaid injuries and may continue to incur same in the future, to her great detriment and loss.

14 As a result of the aforesaid accident, the plaintiff was caused to incur substantial wage loss to her great financial detriment and harm.

WHEREFORE, Plaintiff, Lesbia Gonzalez demands judgment against the Defendant, Kenny Green, in an amount not in excess of $50,000, plus costs of court, interest, and delay damages from the date of judgment.

**COUNT II**

**Lesbia Gonzalez v. Sergio Rivera**

15 Plaintiff hereby incorporates paragraphs 1 through 14 of this Complaint as though fully set forth at length herein.

16 At all times pertinent hereto, all of the acts and omissions of the Defendant were committed by the Defendant(s) directly, or through her agents, workmen, servants and/or employees and by others with whom the defendant had control or authority.

17 The aforesaid accident was due to the carelessness and negligence of Defendant, the defendant's agents, servants, workmen and employees, such carelessness, and negligence consisting of the following:

(a) Operating said motor vehicle at an excessive rate of speed;

(b) Failing to have said motor vehicle under proper and adequate control;

(c) Operating said motor vehicle without due regards for the rights, safety and position of the plaintiff at the point aforesaid;

(d) Failing to give proper and sufficient warning of the approach of said motor vehicle;

(e) Violating the various ordinances of the City of Philadelphia and the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles on the highways;

(f) Failing to keep a proper lookout;

(g) Failing to use due care and control in the operation of said motor vehicle;

(h) negligence per se in violation of 75 Pa.C.S. §3714 (careless driving)

(I) negligence per se in violation of 75 Pa.C.S. §3112 (disregarding traffic signal)

18 By reason of the aforesaid accident, Plaintiff, Lesbia Gonzalez suffered severe personal and bodily injuries to her neck, back, and left arm, including but not limited to a fractured left ulna, as well as other injuries, both known and unknown, some of which may be aggravations of prior injuries and all of which have caused her great pain and suffering and agony, and will continue to cause such pain, suffering and agony into the future.

19 As a further result of the aforesaid accident and injuries, the plaintiff has suffered serious and permanent injury and disability, as well as embarrassment, humiliation and loss of life's pleasures.

20 As a result of the aforesaid injuries, plaintiff, Lesbia Gonzalez, was obliged to incur various reasonable and necessary medical and other expenses in treating herself for the aforesaid injuries and may continue to incur same in the future, to her great detriment and loss.

21 As a result of the aforesaid accident, the plaintiff was caused to incur substantial wage loss to her great financial detriment and harm.

WHEREFORE, Plaintiff, Lesbia Gonzalez demands judgment against the Defendant, Sergio Rivera, in an amount not in excess of $50,000, plus costs of court, interest, and delay damages from the date of judgment.

COUNT III

Plaintiff v. PFRACP

22. Plaintiff incorporates her averments 1-21 as if set forth here in full.

23. The Defendant Sergio Rivera was uninsured at the time of the collision.

24. Plaintiff has no motor vehicle insurance policy covering her.

25. Pursuant to 75 Pa.C.S. §1754, Plaintiffs who are eligible for the PFRACP are eligible to collect up to $15,000 in uninsured motorist benefits where no other source of insurance.

26. Claimants are eligible for the PFRACP according to the provisions of 75 Pa.C.S. §1752, which states that:

> "***(a) General rule.***--*A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:*
>
> *(1) Is a resident of this Commonwealth.*
>
> *(2) Is injured as the result of a motor vehicle accident occurring in this Commonwealth.*
>
> *(3) Is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).*
>
> *(4) Is not the operator or occupant of a motor vehicle owned by the Federal Government or any of its agencies, departments or authorities.*
>
> *(5) Is not the operator or occupant of a motor vehicle owned by a self-insurer or by an individual or entity who or which is immune from liability for, or is not required to provide, benefits or uninsured and underinsured motorist coverage.*
>
> *(6) Is otherwise not entitled to receive any first party benefits under section 1711 (relating to required benefits) or 1712 (relating to availability of benefits) applicable to the injury arising from the accident.*
>
> *(7) Is not the operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident.*
>
> ***(b) Grounds for ineligibility.***--*A person otherwise qualifying as an eligible claimant under subsection (a) shall nevertheless be ineligible to recover benefits from the Assigned Claims Plan if that person contributed to his own injury in any of the following ways:*
>
> *(1) While intentionally injuring himself or another or attempting to intentionally injure himself or another.*

*(2) While committing a felony.*

*(3) While seeking to elude lawful apprehension or arrest by a law enforcement official.*

*(4) While knowingly converting a motor vehicle."*

27. Plaintiff, as an uninsured passenger in an uninsured vehicle, is eligible to collect from the Assigned Claims Plan should Defendant Sergio Rivera be found responsible for the accident.

28. In any case, Plaintiff is entitled to $5000 to cover medical bills sustained as a result of the accident.

29. As an eligible claimant pursuant to 75 Pa.C.S. §1752, Plaintiff is entitled to first and third party benefits from the Pennsylvania Financial Responsibility Assigned Claims Plan, pursuant to 75 Pa.C.S. §§1753-1754.

WHEREFORE, Plaintiff, Lesbia Gonzalez demands judgment against the Defendant, PFRACP, in an amount not in excess of $50,000, plus costs of court, interest, and delay damages from the date of judgment.

Respectfully submitted,

ELI GABAY, ESQUIRE

July 31, 2026

# VERIFICATION

I, Eli Gabay, Esquire, am the attorney for the Plaintiff in the above-captioned action, and state that the facts contained in the above Complaint are from the client, who is unavailable for signing, or from the record, and are true to the best of my knowledge, information, and belief. I make this statement pursuant to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

July 31, 2026

ELI GABAY, ESQUIRE

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lesbia Gonzalez

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eli Gabay, Esq., Solomon Sherman & Gabay, 8 Penn Center, 1628 JFK Blvd., Ste 2200, Phila, PA 19103/(215) 665-1100

## DEFENDANTS

Kenny Green (See attached List of Defendants)

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Viveca D. Parker, AUSA, US Attorney's Office (EDPA) 1650 Chestnut Street, Ste. 1250, Phila, PA 19106/(215) 861-8443

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. 1441 and 1442

Brief description of cause:
MVA which occurred on August 2, 2024

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: Nov 12, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Viveca D. Parker, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**COMPLETE LIST OF DEFENDANTS**:

1. KENNY GREEN
320 N. MICHIGAN ST. FL. 1
TOLEDO OH 43604

2. SERGIO RIVERA
3025 GLENVIEW ST.
PHILADELPHIA PA 19149

3. PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN
1835 MARKET ST. SUITE 700
PHILADELPHIA PA 19103

4. JOHN DOES 1-10

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☑ 16. All Other Federal Question Cases. *(Please specify)*: 28 USC 1442

B. *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.